# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-50591
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Elias Jimenez-Vinagre,

*Defendant—Appellant.*

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-1956-1

————————————————————

Before Davis, Smith, and Higginson, *Circuit Judges.*

Per Curiam:[*]

Elias Jimenez-Vinagre appeals following his conviction of illegal reentry under 8 U.S.C. § 1326, arguing for the first time that the statutory sentencing enhancement in § 1326(b) is unconstitutional. The Government moves for summary affirmance or, alternatively, an extension of time in

——————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50591

which to file an appellate brief.  Jimenez-Vinagre takes no position on the motion but concedes that his argument is foreclosed.

As Jimenez-Vinagre concedes, his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)).  Summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.